UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARQUETTE VANZANT,

    Plaintiff,

v.

CITY OF HIGHLAND PARK *et al.*

    Defendants.

Case No. 16-cv-10488
Hon. Matthew F. Leitman

_____/

### ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS (ECF #2) AND (2) DIRECTING PLAINTIFF TO FILE FIRST AMENDED COMPLAINT

On October 26, 2015, Plaintiff Marquette Vanzant ("Vanzant") filed a civil-rights complaint in the Wayne County Circuit Court against Defendants the City of Highland Park ("Highland Park") and one of its police officers, Detective Askia Allison ("Allison") (collectively, "Defendants"). (*See* Compl., ECF #1 at 7-15, Pg. ID 7-15.) Vanzant alleges that in January 2014 he was approached by Allison and at least one other police officer as he walked on Courtland Street in Highland Park. Vanzant says that the officers then handcuffed him, placed him into the back of their police car, and began driving in a reckless fashion, causing him to suffer injuries. He brings state law and federal constitutional claims against both Defendants.

1

Defendants removed Vanzant's Complaint to this Court on February 10, 2016. (*See* Notice of Removal, ECF #1.) They have now moved to dismiss all of Vanzant's claims except for his Fourth Amendment claim against Allison under Federal Rule of Civil Procedure 12(b)(6) (the "Motion"). (*See* ECF #2.) Defendants argue that the allegations in Vanzant's Complaint do not comply with the federal pleading standards established in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The Court agrees.[1]

Rule 12(b)(6) provides for dismissal of a complaint when a plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556). When assessing the sufficiency of a plaintiff's claim, a district court must accept all of a complaint's factual allegations as true. *See Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). "Mere conclusions," however, "are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by

---

[1] Pursuant to Local Rule 7.1(f)(2), the Court concludes that oral argument would not aid its decision on the Motion.

factual allegations." *Iqbal*, 556 U.S. at 664. A plaintiff must therefore provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action" to survive a motion to dismiss. *Twombly*, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Vanzant's Complaint falls short of these standards. By way of limited example, Vanzant claims that he was denied "the right to be free from retaliation for protected speech." (Compl. at ¶29; *see also id.* at ¶31.) But Vanzant does not identify the "protected speech" in which claims to have engaged, nor does he explain how Defendants retaliated against him for engaging in that speech. He has also failed to allege any facts showing a causal connection between his "protected speech" and Defendants' alleged misconduct.

Likewise, Vanzant alleges that Defendants failed to provide him with medical attention, but he does not plead any specific facts with respect to the injuries he claims to have suffered or the medical attention he allegedly needed. Nor does he plead any specific facts about when he first informed Defendants he was injured, or what actions they took (or failed to take) in response.

Vanzant also alleges that the actions of Defendants violated his rights under the Eighth Amendment to the United States Constitution. (*See id.* at ¶32.) But the Eighth Amendment only "applies to convicted prisoners." *Phelps v. Coy*, 286 F.3d

3

295, 300-01 (6th Cir. 2002) (holding defendant who was "in the process of being booked by arresting officers" could not bring excessive force claim under the Eighth Amendment).  Indeed, if, like Vanzant here, a "plaintiff was a free person at the time of the incident and the use of force occurred in the course of an arrest or other seizure of the plaintiff, the plaintiff's claim arises under the Fourth Amendment and its reasonableness standard" not under the Eighth Amendment. *Id.* at 299.  Vanzant has not pleaded in his Complaint that he was ever charged with a crime, much less convicted at the time he was injured.

Finally, Vanzant alleges that "Defendants adopted, ratified and/or implemented the policies, practices, and procedures which denied [his] rights." (Compl. at ¶38.)  He also asserts that Highland Park failed to properly train the Defendants. (*Id.* at ¶47.)  But Vanzant never identifies the polices in question, does not plead any facts with respect to the policies or their implementation, and does nothing more than vaguely claim that Highland Park's unidentified policies and its failure to train its police officers somehow led to his injuries.

Simply put, Defendants' bare-bones and "threadbare" allegations are exactly the kinds of allegations that *Twombly* and *Iqbal* hold are insufficient as a matter of law.[2]

---

[2] By identifying the specific examples above, the Court does not mean to imply that these are the only claims in the Complaint that are insufficiently pleaded.  The

Vanzant resists this conclusion. He first appears to argue that the pleading standards in *Iqbal* and *Twombly* do not apply to civil rights claims like the ones he has asserted under 42 U.S.C. § 1983. (*See* Vanzant Resp. Br. at 7, Pg. ID 77.) But Vanzant provides no authority for such a proposition. And the Sixth Circuit applies the standards from *Iqbal* and *Twombly* to claims brought under Section 1983. *See, e.g., Scozzari v. McGraw*, 500 Fed. App'x 421 (6th Cir. 2012) (affirming dismissal of Section 1983 claim alleging illegal detention and unreasonable seizure for failing to state a plausible claim under *Iqbal* and *Twombly*).

Vanzant further argues that he is entitled to discovery before the Court dismisses his claim that Highland Park failed to properly train the Defendants. (*See* Vanzant Br. at 7, 10, Pg. ID 77, 80.) But before Vanzant is allowed to take discovery, his Complaint must first meet the standards of *Iqbal* and *Twombly*. *See Iqbal*, 556 U.S. at 678-79 (the "doors of discovery" are not "unlocked" for "a plaintiff armed with nothing more than conclusions"); *16630 Southfield Limited Partnership v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (recognizing that *Iqbal* stands for proposition that a plaintiff cannot "proceed to discovery simply by making bare allegations that the defendants violated the law").

---

Court finds nearly all of the claims in the Complaint do not meet the federal pleading standards of *Twombly* and *Iqbal*.

5

Because (as explained above), Vanzant has not pleaded viable claims, he is not entitled to discovery.

Finally, Vanzant insists that his Complaint "contains a lengthy series of allegations describing with specificity the conduct of the police officers." (Vanzant Br. at 10, Pg. ID 80.) The Court disagrees. While Vanzant does include some general allegations about the conduct of the Defendants, his Complaint does not include enough factual allegations that state a plausible claim for relief. Instead, the Complaint includes no more than bare assertions of legal conclusions and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that are insufficient under federal law. *Iqbal*, 556 U.S. at 678.

However, the Court recognizes that Vanzant did not initially file his Complaint in federal court and thus may not have anticipated that he would need to meet the federal pleading standards. Therefore, the Court will grant the Motion but will also allow Vanzant to file a First Amended Complaint.

To be clear, Vanzant's First Amended Complaint must **separately** and **individually** state each claim that he brings against each Defendant. He may not, as he did in his current Complaint, bring a single claim that contains multiple different alleged constitutional violations. (*See, e.g.*, Compl. at ¶¶ 22-34.) He must also support each claim with specific factual allegations that comply with the pleading standards in *Iqbal* and *Twombly* stated above. Simply reciting the

6

elements of his claims, or broadly claiming that he has been harmed is not sufficient.

Accordingly, for the reasons stated above, Defendants' motion to dismiss (ECF #2) is **GRANTED**. All of Vanzant's claims in his Complaint except for his Fourth Amendment claim against Allison are hereby **DISMISSED**. Vanzant is directed to file a First Amended Complaint that complies with the requirements stated in this Order by no later than **May 27, 2016**. **The Court will not accept for filing any amended pleading after that date.**

IT IS SO ORDERED.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: April 28, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 28, 2016, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113